[No. 1219, September 2nd, 1908.]

.TERRITORY OF NEW MEXICO, Appellee, v. JIM
WEST, Appellant.

### SYLLABUS.

1. The plea of former acquittal is an affirmative plea,
and accused has the burden of sustaining it.

2. Where the evidence is conflicting on the issues of for-
mer acquittal, a mixed question of law and fact for the jury
arises, but, where accused offers a 'special plea of former ac-
quittal and the prosecution denies the fact alleged and the de-
fendant offers no evidence to support the plea, the court may
direct the jury to find for the Territory on such a plea.

3. The court cannot direct the jury to find accused guil-
ty, no matter how clear and undisputed the testimony may be.

4. Where the plea of former acquittal, interposed to an
indictment charging the larceny of a horse of T., and of re-
ceiving the horse knowing that the same has been stolen, was
based on the fact that another indictment    was    returned
against accused at the same term of court by the same grand
jury, charging him with the larceny of a horse of P., but there
was nothing to show any further proceeding on the latter in-
dictment, the court did not err in directing the jury to find
for the prosecution on the plea.

5. Where the undisputed testimony showed that witness-
es for the prosecution were accomplices and accused request-
ed a charge reciting that the witnesses were accomplices, ac-
cused could not complain because the court charged that the
witnesses were accomplices.

6. Where the evidence is undisputed, it is not error to
instruct the jury that a witness is an accomplice.

7. Where there was a general exception to an instruc-
tion, but the instruction was not excepted to on a specified
ground stated in the assignment of error, and it was not ob-
jected to on such ground in the motion for a new trial, such
special ground cannot be assigned as error on appeal.

8. The judge trying a criminal case must be present
during all the proceedings; and, if he desires to retire from
the courtroom, proceedings in this case should be suspended.

9. While counsel for accused were engaged in consulta-

tion, the presiding judge arose from his seat and said "The court will be absent for a few minutes." Counsel did not hear the remark, and proceeded to propound a question, when the sheriff informed him that the court was absent. Held, that the judge suspended the proceedings before leaving the court room, and his absence was not improper.

10. While counsel for accused was engaged in consultation, the presiding judge left the courtroom stating that the court would be absent for a few minutes. Counsel proceeded to propound a question, when the sheriff stated that the court was absent. All proceedings ceased until the return of the judge, and no objection was made on his return. Held, that accused was not prejudiced by any proceedings during the absence of the judge.

11. Error in an instruction cannot be taken advantage of on appeal unless exception was taken to the instruction at the time it was given.

12. It is not error to refuse requested charge in the language of a charge given.

13. Accused cannot complain of an instruction in identical language to an instruction requested by him.

14. To justify a conviction of one on the charge of receiving stolen property, the evidence must show that at the time accused received the property, he knew that the same had been stolen from the owner, and that he received the same with a fraudulent intent of depriving the owner of the immediate possession thereof.

15. Where crime is committed in systematic manner, it is competent to prove other similar transactions occurring at different times and places, to show intent or motive of accused; and such evidence is competent where intent is not essential.

16. Where on a trial for the larceny of a horse, and for receiving the horse knowing that the same had been stolen, the evidence disclosed a systematic purpose, on the part of accused and his accomplices, to steal and sell the horse, evidence of the actions of the parties in stealing and selling horses at different times was competent to show the knowledge and intent of accused as to the horse in question found in his possession

17. Where on a trial for the larceny of a horse and for

receiving the same with the knowledge that it had been stolen no bill of particulars was asked for, the knowledge and. intent of accused were questions of fact for the jury on all the evidence, showing a systematic purpose, on the part of accused and his accomplices, to steal and sell horses.

18. Where testimony was admitted without .objection and no motion was made to strike it out, an assignment of error complaining of the admission of the testimony could not be considered.

19. Ordinarily the verdict of a jury in a criminal case when the same is supported by any substantial evidence, will not be :disturbed.

20. On a trial for receiving stolen property, evidence held to support a conviction.

Appeal from the District Court for Chaves County before WILLIAM H. POPE, Associate justice. Affirmed.

GATEWOOD & BATEMAN, for Appellant.

It is error for the judge to instruct the jury in a criminal case that the evidence of the prosecution is sufficient or that.the evidence of defendant is insufficient. U.. S v. Fenwick, Fed. Cas. 15087; U. S. v. Taylor, 11 Fed.. 470; State v. Riley, 18 S. E. 168, N. C.; Nonemaker v. State, 34 Ala. 241; State v. Winchester, 18 S. E. 657, N. C.; Howell v. People, 5 Hun. 620; Shaffner v. Commonwealth, 72 Pa. St. 60; Tucker v. State, 57 Ga. 503; State v. Picker, 64 Mo. App. 126.

It was error to instruct that witnesses were what is known in law as accomplices. Heivner v. People, 43 Pac.. 1047, Colo.

The judge should be actually present at every stage of a criminal trial. People v. Tupper, 55 Pac. 125, Calif.; People v. Blackman, 59 Pac. 573, Cal.; State v. Beuerman,. 53 Pac. 874, Kans.; Meredith v. People, 84 Ill. 478; Thompson v. People, 144 Ill. 378, 32 N. E. 968; O'Brien v. People, 31 Pac. 230, Colo.; 1 Thomp. Trials, arts. 211, 212, 959 et seq.; 1 Bishop Cr. Proc. 957; Shular v. State, 55 Am. Rep. 211, Ind.; Hayes v. State, 58 Ga. 35; Turbeville v. State, 56 Miss. 793; Ellerbee v. State, 41 L. R. A. 569 and note; Blend v. People, 1 N. Y. 604.

Where two alleged thefts were parts of one and the

same transaction, defendant's plea of former jeopardy was
a bar to any further prosecution, where the demurrer of
Territory admitted the truth of the allegations of said
plea.   Herrera v. State, 35 Tex. Cr. Rep. 607; Moore v.
State, 33 Tex. Cr. Rep. 166; Davis v. State, 37 Tex. Cr.
Rep. 359.

No acts or declarations made by any of the parties af-
ter the conspiracy is accomplished are admissible.   Brown
v. U. S., 150 U. S. 93; People v. Irwin, 20 Pac. 56, Cal.;
People v. Opie, 55 Pac. 989, Cal.; People v. Aleck, 61 Cal.
137; State v. Rogers, 39 Pac. 219; Spies v. People, 3 Am.
St. Rep. 320, Ill.; Twyman v. Com., 33 S. W. 409, Ky.;
Johnson v. Miller, 50 Am. Rep. 756, Ia.; State v. McGraw,
87 Mo. 161; State v. Beaucleigh, 92 Mo. 490; State v.
Ah Tom, 8 Nev. 213; People v. Davis, 56 N. Y. 95; People
v. McQuade, 1 L. R. A. 273, N. Y.; Hunter v. Com., 56
Am. Dec. 121; Willis v. State, 54 S. W. 211, Ark.

JAMES M. HERVEY, Attorney General, for Appellee.

In criminal cases where defendant offers a special
pleading like the plea of former jeopardy the burden is on
him to sustain it.   Davidson et al v. State, 40 Tex. Cr.
Rep. 285; Fehr v. State, 36 Tex. Cr. Rep. 93; Common-
wealth v. Daley, 70 Mass., 4 Gray 209; Willis v. State,
24 Tex. App. 586; State v. Williams, Wash. 1906, 86 Pac.
847; Bishop's Cr. Procedure, 3 ed., vol. 1, sec. 816.

When the defendant offers a special plea like the plea
of former jeopardy and the prosecution denies the matters
of fact alleged in the plea, and the defendant offers no evi-
dence to sustain his plea, the court may direct the jury to
find against the defendant on such special plea.   Com-
monwealth v. Brown, 28 Pa. Sup. Ct. R. 296; Morton v.
State, 37 Tex. Cr. R. 131; Johnson v. State, 34 Tex. Cr.
R. 115; Oakley v. State, 135 Ala. 29, (34).

Where the evidence is undisputed it is not error for the
court to instruct the jury that the witness is an accom-
plice.   People v. Sternberg, Cal. 1896, 43 Pac. 198, 200;
Territory v. Livingston, N. M., 84 Pac. 1021; Henry v. The
People, 198 Ill. 162; Miera v. The Territory, 81 Pac.
586; Comrs. v. People, Col. 1903, 73 Pac. 25; State v.

Watson, Oreg. 1906, 85 Pac. 336; Castevans v. State, Ark.; 96 S. W. 150; Hanrahan v. People, 91 Ill. 142; Smith v. People, 103 Ill. 82; State v. Angel, 29 N. C. 27; People v. Lee Sare Bo., Cal. 1887, 14 Pac. 310; State v. Day, 79 Me. 120; Welch v. State, 60 Neb. 101; Hatcher v. State, 43 Tex. Cr. R. 237; Sessions v. State, 37 Tex. Cr. Rep. 60; Winfield v. State, 44 Tex. Cr. Rep. 475; Torres v. State, Tex. 1900, 55 S. W. 828; Wilkerson v. State, Tex. 1899, 57 S. W. 956.

The court will not reverse a case for absence of a judge during the progress of a trial without suspending proceedings, unless it appears that the defendant was prejudiced by such action. Scott v. State, Tex. 1905, 85 S. W. 1060; State v. Porter, 105 Ia. 677, 75 N. W. 519; Murphy v. The People, 19 Ill. App. 125; Gabler v. State, Tex. 1906, 95 S. W. 521; State v. Smith, 49 Conn. 376; Rutter v. Territory, Okla. 1902, 68 P. 507; Ermlick v. State, Miss. 1900, 28 Southern 847; Rowe v. People, 26 Colo. 542; Schintz v. People, 178 Ill. 320.

Where record fails to show any exception to instruction the same cannot be taken advantage of on appeal. Padilla v. Territory, 8 N. M. 562; Territory v. Watson, 78 p. 504.

The court will not consider errors alleged in the admission of testimony where no objection was made on trial. Territory v. Eaton, 79 Pac. 713.

### STATEMENT OF FACTS

Appellant, Jim West, was indicted at the October term, 1904, of the District Court of Chaves County for the larceny of one horse and for receiving and aiding in the concealment of stolen property knowing the same to have been stolen. The indictment is the usual two count form.

Appellant was arraigned on said indictment at the October term, 1904, of said Chaves County District Court, and after interposing certain preliminary motions and special pleas, including a plea in abatement and of former acquittal, he pleaded generally to the indictment "not guil-

ty." Trial was had at the regular fall term, 1906, of said Chaves District Court and resulted in a mistrial.

Afterwards, to-wit, at the April term, 1907, of said Chaves District Court, appellant was re-arraigned on said indictment, and after interposing certain preliminary motions and special pleas, including his former plea in abatement and of former acquittal, and all parties announcing themselves ready for trial, the case was submitted to a jury.

And thereafter, to-wit: on the 25th day of said term, after instructions were given by the court and exceptions thereto filed by the appellant, the jury returned a verdict of "guilty" as charged in the second count of the indictment.

## OPINION OF THE COURT.

McFIE, J.—The case is now in this court on appeal by the defendant in the court below, from the judgment and sentence rendered upon the verdict of guilty returned by the jury, upon the second trial of the cause.

Upon the trial below, the court gave the jury the following instruction relating solely to the plea of former acquittal:

"To this charge the defendant has interposed two pleas, one of a former acquittal, and the other the plea of not guilty. As to the first plea the court charges you that under the law as applied to the facts the same is not sustained by the evidence and your findings thereon must be in favor of the Territory. This leaves for your determination solely the issue as to the guilt or innocence of the defendant, and as to this I charge you that the defendant by his plea of not guilty herein has imposed upon the Territory the burden of proving each and all of the material allegations of the indictment to your satisfaction and beyond a reasonable doubt."

The giving of this instruction is assigned as error upon the ground that it withdrew from the jury a question of fact which it was their sole province to determine.

The plea of former acquittal is based upon the facts, that another indictment was returned against the defend-

ant at the same term of court, by the same grand jury, making the same charge against the defendant, except as to the animals and the ownership thereof. In one indictment the animal alleged to have been stolen, was a horse owned by William R. Potter, whereas in the other indictment it was alleged to be a horse owned by Lem Tanner. The record shows that the defendant was tried twice for the stealing of the Tanner horse, that upon the first trial the jury was unable to agree and were discharged, without objection but there is nothing in the record or testimony which shows that any proceedings were had, other than the finding of the indictment and its return, under the .charge against the defendant for the theft of the Potter horse. The indictment for the stealing of the Potter horse is the one set up in the plea of former acquittal, and there being absolutely nothing in the record to show any further proceedings in that case, it is difficult to find error in the court's instruction upon that issue.

There was a replication filed to this plea which was in its nature an affirmative plea and the weight of authority is to the effect that the burden is upon the defendant to sustain it. Bishop's Cr. Pr., Vol. 1, Sec. 816; Davidson et al. v. State, 40 Tex. Cr. R. 285; Fehr v. State, 36 Tex. Cr. R. 93; Willis v. State, 24 Tex. App. 586; Commonwealth v. Daley, 70 Mass. (4th Gray) 209; State v. Williams (Wash.) 86 Pac. 847.

Where under such a plea a trial is had, the conflicting evidence is introduced, a mixed question of law and fact arises for the determination of a jury, but where the defendant offers a special plea such as former acquittal, and the prosecution denies the facts alleged, and the defendant offers no evidence to support the plea, the court may direct the jury to find for the Territory on such plea, there being no question of fact for the jury's consideration. Ed. Morton v. The State, 37 Tex. Cr. 131; Oakley v. The State, 135 Ala. 29; Johnson v. State, 34 Tex. Cr. 115; Commonwealth v. Brown, Pa., Super. Ct. R. 296. The case of Territory of New Mexico v. Kee, 5 N. M. 510, and the other cases cited in appellants brief, do not relate to an issue raised by plea

of former acquittal, but to the trial of the main case under the plea of not guilty.

It is well settled, that the court cannot direct the jury to find the defendant guilty, no matter how clear and undisputed the testimony may be, but those authorities are not in point upon the issue raised by a plea of former acquittal and replication denying the facts stated in the plea, where there is no attempt to support the plea by proof.

The second assignment alleging error, relates to the court's instruction No. 23, which is in the following language:

"You are instructed that the witnesses, Jim Brown, and Jake Neatherlin, are what is known in the law as accomplices, and while it is a rule of law that a person accused of crime may be convicted upon the uncorroborated testimony of an accomplice, still a jury should always act upon such testimony with great care and caution, and subject it to careful examination, in the light of all other evidence in the case, and you ought not to convict upon such testimony alone, unless, after a careful examination of the same you are satisfied of the truth thereof and are satisfied thereby beyond a reasonable doubt that the defendant is guilty as charged.

"But if on the other hand such testimony carries conviction and the jury are convinced of its truth they should give it the same effect as would be allowed to a witness who is in no respect implicated in the offense charged."

It is objected that in stating in that instruction that Jim Brown and Jake Neatherlin *are what is known as accomplices* the court decides a question of fact which should have been left to the jury.

Counsel for the defendant refers to only one case in support of this assignment; that of Heivner v. People, 43 Pac. 1047, Colo.

An examination of this case shows, that the court does not cite any other cases in support of the views therein expressed.

The case at bar is one where the testimony on both

sides shows that, the witnesses, Brown and Neatherlin, were accomplices.

There is no dispute as to this fact and counsel for the defendant upon the trial recognized this to be true, by requesting the court to give four instructions in almost the identical language of the court's instruction above set out. Instruction No. 12, requested by the defendant is as follows:

"The defendant requests the court to give to the jury the following instruction:

" 'You are instructed that the witness Jim Brown is what is known in law as an accomplice, and while it is a rule of law that a person accused of a crime may be convicted upon the uncorroborated testimony of an accomplice, still a jury should always act upon such testimony with great care and caution, and subject it to careful examination, in the light of all other evidence, in the case, you ought not to convict upon such testimony alone, unless, after a careful examination of such testimony you are satisfied beyond a reasonable doubt of its truth and that you can safely rely upon said testimony.' "

In this and also in Nos. 16, 18, 20 of the instructions requested by the defendant, the court is asked to charge in the same form so far as accomplices are concerned.

The court adopted the request in this respect and now it is assigned for error.

Under those circumstances the assignment will not be considered by this court.

Where the evidence is undisputed it is not error for the court to instruct the jury that a witness is an accomplice. People v. Sternberg (Calif.) 43 Pac. 198; Sessions v. State, 37 Tex. Cr. R. 58; Hatcher v. State, 43 Tex. Cr. R. 237; Wilkerson v. State, 57 S. W. 956; Torres v. State, 53 S. W. 828.

There was a general exception to this instruction in the court below, but it was not excepted to upon the ground stated in the assignment of error, nor was it objected to upon that ground in the motion for a new trial. Not having been brought to the attention of the court

in the court below, it cannot be properly assigned as error in this court.

The third assignment of error, is not sustained by the facts disclosed in the record. The error alleged is "That during the progress of the trial in said case, the judge of said court, without declaring an adjournment of court, and without suspending proceedings in said trial absented himself from the court room and left said trial to proceed and said court to conduct itself without a judge on the bench."

It is, of course, essential that the judge of the court trying a criminal case shall be present during all of the proceedings; and if he desires to retire from the court room, proceedings in the case should be suspended. This is too well settled to require the citation of authorities. The facts as disclosed by the affidavits of Ballard and Gillespie, are, that the judge arose from his seat and said "The court will be absent for a few minutes."

Counsel for the defendant being engaged in consultation at the time, doubtless, did not hear the announcement of the court and was proceeding to propound a question when the sheriff, Mr. Ballard, informed counsel that the court was absent and all proceedings ceased until the return of the judge, and no objection was made upon his return nor exceptions reserved.

Counsel for the defendant cite quite a number of cases on this point, and while they are good law as applied to the facts in those cases, the facts are very different from those in this case.

In the case of Thompson v. The People, 144 Ill. 378, the judge was absent during the entire closing argument, and the defendant's counsel made numerous objections to statements of the District Attorney in his closing argument. This was properly held prejudicial to the defendant. In State v. Beuerman, 53 Pac. 874 (Kan.) the court was absent ten minutes while the arguments were proceeding, and the court held that if proceedings were going on during his absence that he could not see or hear he could not act intelligently upon the motion for new trial, and it was prejudicial to the defendant.

In Hayes v. State, 58 Ga. 35, it was held prejudicial

for the court to be absent during the examination of witnesses, but in a later case in the same court, State v. Pritchett, 92 Ga. 65, the court refused to grant a new trial on the ground of the absence of the judge, because it did not appear from the record that any injury resulted to the defendant therefrom.

In Turbeville v. State, 56 Miss. 793, the court declined to reverse a judgment because the record failed to show that the court relinquished control over the case. These cases all appear in the brief of the appellant.

On the other hand, the attorney general, for the Territory contends, that the court will not reverse a case for absence of the judge during the progress of a trial and without suspending proceedings unless it appears that the defendant was prejudiced by such action or was out of hearing in the proceedings in the court room so as t lose control of the case. These contentions seem to b · sustained by a decided weight of authority.

The following are some of the cases fully sustaining the contentions of the attorney general. State v. Porter, 105 Iowa 677; Murphy v. People, 19 Ills. App. 125; Scott v. State, 85 S. W. 1060; Gabler v. State, (Texas 1906) 95 S. W. 521; State v. Smith, 49 Con. 376; Rutter v. Territory (Okla.) 68 Pac. 507; Ermlick v. State (Miss.) 28 Southern 847; Rowe v. People, 26 Colo. 542; Schintz v. People, 178 Ill. 320.

In all of these cases the judge was absent from the court room during the examination of witnesses or the arguments, but it was held in some of the cases that the judge could hear what was going on in the court room, or that nothing prejudicial to the defendant was done during the absence of the judge. In the case now under consideration, it may be properly said that the judge suspended the proceedings before leaving the court room, for it is entirely too technical to contend that proceedings could continue after the announcement of the judge, that he would be absent for a few minutes.

It further appears that proceedings were actually suspended until the return of the court. The most that can be said is that counsel for the defendant began to pro-

pound a question, it is not even said that counsel finished the question, but it is certain that no answer was made by the witness. It is not possible, therefore, that the defendant was prejudiced by any proceedings had during the absence of the judge and hence, no error was committed.

The fourth assignment of error having been abandoned by appellant's counsel at the time of the hearing, we pass to the consideration of the fifth assignment, which alleges error in the giving of paragraph 18 of the court's instructions. The paragraph objected to is as follows:

"You are instructed that before you can convict the defendant in this case upon the charge of receiving stolen property, it is necessary that you should believe from the evidence beyond a reasonable doubt that at the time the defendant received the horse described in this indictment he knew the same had been stolen from the true owner thereof, and that he received the same with the fraudulent intent of depriving the true owner of the immediate possession thereof."

There was no exception saved to the giving of this paragraph of the court's charge.

There were general exceptions taken to several of the prior paragraphs including 17, but the next paragraph to which exception is taken is No. 22. The failure to except to paragraph 18 is admitted in the motion for a new trial. There must be exception taken, that the attention of the court may be drawn to the error, complained of, that opportunity may be given to make corrections at the proper time, and as a basis for review in this court. Padilla v. Territory, 8 N. M. 562; Territory v. Watson, 12 N. M. 419.

Counsel for the defendant noted an exception to the refusal of the court to give their requested instruction No. 6.

Paragraph 18 of the court's charge, and defendant's requested instruction No. 6, are in identical language, word for word.

The court properly refused to give defendant's instruction No. 6 as he had given it in his own charge.

Counsel excepted to this refusal of the court, and thus in effect, excepted to their own instruction, and, at any rate, an instruction quite favorable to the defendant. In such case there can be no reversal.

The paragraph, even if properly excepted to, would be sustained as correct under the facts of this case.

In support of the sixth assignment of error, counsel for the defendant contend, that the court "erred in overruling the motion of the defendant, made during the progress of the trial, to require the Territory to advise the defendant which of the several transactions shown by the evidence the Territory would rely upon for conviction."

The evidence does show that the horses were stolen by these parties on more than one occasion, in fact, disclosing a systematic purpose on the part of Neatherlin, Brown and the defendant to steal and sell horses but the defendant alone was on trial for his participation therein.

Where crime is committed in a systematic manner, it is competent to prove other similar transactions occurring at different times and places as tending to show intent or motive of the accused.

In People v. Mollineaux (N. Y.) 62 L. R. A. in monograph note on page 357, it is said that "in order to convict of certain crimes it is necessary and material to introduce proof of the wicked intent, or guilty knowledge of the accused, and in such case and for the purpose of showing such intent evidence may be given of a distinct offence not laid in the indictment or information.

And such evidence of intent is also competent and admissible in cases where it is not essential." Wigmore on Evidence, vol. 1, secs. 300, 315, 316; Wharton on Criminal Evidence, secs. 30, 40 and 45; Underhill on Criminal Evidence, sec. 38; United States v. Wood, 16 Peters, 360; United States v. Wood, 14 Peters 430; Ins. Co. v. Armstrong, 117 U. S. 591; Allis v. United States, 155 U. S. 119; Moore v. United States, 150 U. S. 60.

While the testimony did refer to the actions of the parties in the stealing and selling of horses at different times,

Territory v. West.

it was competent as tending to show the knowledge and intent of the defendant as to the horse of Lem Tanner, found in his possession.

There was no bill of particulars asked for, so far as the record shows, and, therefore, the knowledge and intent of the defendant were questions of fact for the consideration of the jury upon all the evidence in the case.

The 7th assignment of error relates to the admission of a conversation between the defendant and the witness Neatherlin, eight or ten days after the defendant had obtained possession of the horse mentioned in the indictment.

The testimony referred to is found on page 192 of the record and is as follows: "Q. Did he see you the next morning? A. No sir, I seen him that night. He came around and told me Jim Brown was arrested. He said I think we can get him out in the morning. He said I stand in pretty well with the sheriff."

This testimony was admitted without objection, and there was no motion made to strike it out. Under those circumstances, this assignment of error will not be considered by this court.

The last alleged error is, that the verdict is contrary to law and contrary to the evidence. So far as this objection relates to the evidence, this court after referring to numerous cases, stated the rule to be as follows: "Ordinarily, neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence." Candelaria v. Miera, 13 N. M. 360.

There was abundant evidence in this case to warrant the jury in returning the verdict they did return, finding the defendant guilty of receiving stolen property. While, possibly, the evidence would have sustained a verdict for the theft of the animal, the jury had the right to believe such witnesses as they saw fit. They may, therefore have believed that the defendant purchased the animal, and still found that he knew it was a stolen animal at the time he purchased it.

The evidence was, that the defendant knew Brown and Neatherlin, and knew that they were engaged in stealing

horses on a large scale. These horses were driven into Roswell in the evening with defendant's knowledge; the defendant took a bill of sale for the Tanner animal from Brown under the assumed name of Jones; the horses were driven out of town early the next morning; instead of shipping the animals from Roswell, by the defendant's instructions, the bunch of horses, bearing numerous brands one of which was the Tanner, were driven overland two hundred miles and shipped from a point connected with Roswell by railroad, and the defendant, who was shown to be well informed on the subject of branding stock, gave the brands of the animals to Mr. Booth, the inspector, one of which brands was the TANR brand of Mr. Tanner.

This proof, and much more equally damaging, by showing the defendant's guilty knowledge, brings this case clearly within the rule above stated.

The suggestion of counsel for the defendant, that the intent shown was to steal, and did not extend to the receiving of stolen property is not impressive in view of the testimony produced at the trial.

That the verdict is not contrary to the law sufficiently appears from what has been said and needs no further discussion.

The judgment of the court below will be affirmed with costs. It is so ordered.