## Commonwealth *v.* Danaleczk, et al., Appellants.

*Criminal law—Rape—Trials—Separate trials—Witnesses—Impeachment of credibility—Rebuttal—Admissibility.*

Two indictments, which, upon the face of the pleadings, charge separate and distinct felonies, may be tried before one jury. The propriety of trying two indictments of this character before the same jury is a matter in which the trial judge is vested with discretion, and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced.

Where the indictments were founded upon information which charged the offenses—rape upon two different girls—to have been committed by all of the defendants, at the same time and place, it is not error to refuse separate trials.

In an indictment for rape all who are present aiding and abetting when the felony was committed are equally guilty. All who are aiding, abetting and encouraging the ravishings are guilty of the rape, although one may be the actual ravisher.

In the trial of an indictment for rape where the veracity of a witness is questioned and her chastity impugned, it is proper for the court to permit evidence to rebut such testimony, even though it is collateral to the issue of the trial.

Argued March 9, 1925. Appeals, Nos. 58, 59, 60, 61, 62, 63, Oct. T., 1925, from the sentence of O. and T. Northumberland Co., May T., 1924, Nos. 50 and 50½, in the case of Commonwealth v. Joseph Danaleczk, Enoch Stavinski, William Kritvitski, Charles Petrovich, Adam Polack. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for rape. Before LLOYD, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Error assigned* was, the refusal to grant separate trials, in allowing testimony to be admitted in rebuttal as to the witness Anna Wasko, and refusal to withdraw a juror because of remarks of the district attorney.

*L. S. Walter,* and with him *J. A. Welsh,* for appellants.—The defendants were entitled to separate trials: 10 Encyc. of Pleading and Practice, 548; Withers v. The Commonwealth, 5 S. & R. 59.

It was error to admit testimony in regard to the witness Anna Wasko, as it was collateral to the issue of the trial: 1 Greenl. on Ev., 448; Griffith v. Eschleman, 4 Watts, 51; Elliott v. Boyles, 7 Casey 65; Commonwealth v. Grauman, 52 Pa. Superior Ct. 215, 218.

*S. L. Gribbin,* and with him *D. W. Kearney,* and *Edward Raker,* District Attorney, for appellee.—Simultaneous trial on two indictments charging a felony is warranted, where both offenses were committed under similar circumstances: Com. v. Brown, 264 Pa. 85; Com. v. Valotta, 279 Pa. 84; Fulmer v. Com., 97 Pa. 503.

It was proper to admit evidence to rebut the attack on the character of the witness, Anna Wasko: Batdorff v. The Farmers' National Bank of Reading, 61 Pa. 179; Com. v. House, 6 Pa. Superior Ct. 92; Johnson v. Com., 115 Pa. 369; Smith v. Stoner, 243 Pa. 57; Van Eman v. Fidelity & Casualty Company of New York, 201 Pa. 537.

OPINION BY PORTER, J., April 28, 1925:

These defendants were all charged, in a single information, with having committed the crime of felonious rape upon Agnes Wasko and with having committed a like offense upon Nellie Madera and were, after a hearing, held to answer the charge. Two indictments, based on the same information, were found by the grand jury, in one of which all the defendants were charged, in proper form, with the rape of Agnes Wasko; and the

other indictment charged a like offense to have been committed upon Nellie Madera. The indictments were tried together and the trial resulted in a conviction of Kritvitski, Petrovich and Stavinski upon the indictment charging the ravishing of Agnes Wasko; and Danaleczk, Pollack and Stavinski were found guilty upon the indictment charging the ravishing of Nellie Madera. The defendants having been severally sentenced, save that sentence was suspended as to Stavinski in the case in which the indictment charged the rape of Agnes Wasko and he was sentenced only upon the indictment charging the rape of Nellie Madera, have taken these several appeals.

The court overruled an objection interposed by the defendants to the trial of the indictments at the same time, to which ruling the defendants excepted and here assigned it for error. We have thus presented the question, Can two indictments charging separate felonies, rape upon different girls, be tried before one jury against defendants' objection? We cannot regard the question, as thus broadly stated, to be an open one in Pennsylvania. Two indictments, which upon the face of the pleadings charge separate and distinct felonies may be tried before one jury: Com. v. Valotta, 279 Pa. 84. The appellants in their brief seem disposed to challenge the correctness of that decision of the Supreme Court, but this court has neither the authority nor the inclination to depart from the principles laid down by our court of last resort. The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced. The indictments in the present case were founded upon an information which charged the offenses to have been committed by all of the defendants, at the same time and place. An examination in detail of the evidence at the trial upon these two indictments has

convinced us that no evidence was presented by the Commonwealth which would not have been competent and material at a separate trial upon each of the indictments. The evidence produced by the Commonwealth, if true, established that the two girls with Anna Wasko, the sister of Agnes, were standing by the road waiting for an electric car to take them home, when three of the defendants in an automobile approached and offered to take them to their homes in the car, and the girls consenting to go home in this manner, entered the automobile. It was necessary to make a detour, owing to the condition of the direct road, and the defendants at a lonely place in the woods pretended that something had gone wrong with the automobile, from which they all descended. The three men spent considerable time pretending to try to fix the automobile when they were joined by the other two defendants at this lonely place in the woods. Two of the defendants dragged Agnes Wasko from the road into the bushes and there ravished her, while two others did the same with Nellie Madera. The fifth defendant prevented Anna Wasko, who was older than the others, from going to the assistance of the other girls when they screamed for help. Taking into consideration the time of the night, the lonely place where the offense was committed and all the circumstances in the case, the jury would have been warranted in finding that the whole matter had been prearranged between all five of the defendants and finding them all guilty upon both of the indictments. The jury, however, took the charitable view and found only one of the defendants, Stavinski, guilty upon both indictments, no doubt upon the ground that the evidence disclosed that Stavinski was the man who had prevented Anna Wasko from going to the assistance of the other girls when they called for help. All who are present aiding and abetting when a felony is committed are equally guilty. All who are present aiding, abetting and encouraging the

ravishing are guilty of rape, although only one of the men may be the actual ravisher.

The principal witness for the Commonwealth in this case was Anna Wasko, the sister of one of the victims of the outrage. The contention of the defendants was that Agnes Wasko and Nellie Madera had consented to the unlawful sexual intercourse, that no force was used. One of the defendants, Stavinski, for the purpose of probably discrediting Anna Wasko as a witness, testified, in his direct examination, that he had been having sexual intercourse with her for three or four months. Another of the defendants, Kritvitski, testified that Stavinski had been criminally intimate with Anna Wasko, and a third defendant, Petrovich, testified that he had seen Stavinski have intercourse with Anna Wasko, in the presence of the witness and Kritvitski. This, of course, was not the proper way to impeach the reputation of Anna Wasko for truth and veracity, but the defendants saw fit to resort to this indirect means of discrediting the witness, and must be held to take the consequences. Having volunteered the statements, in their direct examination by their own counsel, it was undoubtedly the right of the Commonwealth to disprove them if it could, or as far as it could. The manifest tendency of this testimony of the defendants, was to establish that Anna Wasko was an immoral woman, degraded in the extreme and a harlot. "If a witness fabricate a story with circumstances, the disproof of the circumstances is generally the only possible way of disproving the material facts. The plaintiff thought proper to prove by Mrs. Sallada, that she lent money to her brothers, amounting to several thousand dollars, and that she bought and paid for a house in Reading out of her own means. At this distance from the scene of controversy we are not able to see the relevancy of these facts, but we are to presume that the plaintiff did, and called them out from this witness. When, therefore, the defendant proposed to prove that some of these things stated by the

witness as facts were untrue, had no existence, with a view to contradict her, it was not the plaintiff's privilege to claim its exclusion on the ground of immateriality. He gave the fact in evidence and opened the way for its disproof in order to discredit the witness": Batdorff v. Farmers' National Bank of Reading, 61 Pa. 184. Anna Wasko was called in rebuttal by the Commonwealth and positively testified that she had never had intercourse with Stavinski or any other man and offered to submit to an examination by physicians. She was examined by two physicians, one named by the Commonwealth and one named by the defendants. The Commonwealth then called one of the physicians who testified, under objection by the defendants, that he had examined the girl and that she was a virgin. It is the contention of the defendants that this testimony was on a purely collateral issue and should have been excluded. We are of opinion that the court did not err in its ruling admitting the testimony. The defendants had voluntarily made an attack upon the character of a young woman who had appeared as a witness for the Commonwealth. They had publicly painted her character as utterly corrupt and depraved. They may have taken this course, in the hope that it would induce the jury to disbelieve her and may have made this indirect attack for the very reason that they knew that they could not successfully attack her general reputation for truth and veracity. The evidence having been admitted the defendants then called the physician whom they had named to be present at the examination of the young woman, and his testimony was equally direct and positive that the girl's vagina had never been penetrated and that the hymen had never been ruptured. The defendants' counsel thereupon requested the court to adjourn the case until Friday morning, in order to introduce evidence as to the bad character of all three girls, for the purpose of going to the credibility of the girls and the witness, Anna Wasko. The court denied the request and sealed the bill for the

253, (1925).]          Opinion of the Court.

defendants. There was no error in this. If the defendants desired to impeach the credibility of the witnesses they should have introduced such evidence in the presentation of their case, and in the proper manner, by calling witnesses as to the reputation of the girls for truth and veracity. The evidence which the Commonwealth had produced in rebuttal was in reply to the voluntary attack upon the character of Anna Wasko by the defendants. It was a collateral issue, introduced by the defendants and there must be some limit to the inquiry upon such a collateral issue. All the assignments of error are overruled.

The several judgments are affirmed and it is ordered that each of the defendants appear in the court below at such time as they may be there called and that they, individually, be committed until they have complied with the sentence or any part of it which had not been performed at the time the appeals in these cases, respectively, were made a supersedeas.