STATE EX REL. NICKL, Relator, v. BEILFUSS, Circuit Judge, Respondent.

*January 12—January 29, 1962.*

For the relator there was a brief and oral argument by *James H. Hill, Jr.,* and *Glenn R. Quale,* both of Baraboo.

For the respondent the cause was argued by *James H. McDermott,* assistant attorney general, and *James R. Seering,* district attorney of Sauk county, with whom on the brief were *John W. Reynolds,* attorney general, and *William A. Platz,* assistant attorney general.

PER CURIAM. The sole question raised is whether the trial court has the power and jurisdiction to consolidate for trial these cases without any allegation of joint participation or conspiracy. The relator contends, under the common law of England and of this state unchanged by statute, the trial court has no such jurisdiction to consolidate such cases for trial, relying on 10 Halsbury, Laws of England (3d ed.), p. 415, sec. 760; *Rex v. Crane,* [1920] 3 K. B. 236, 89 L. J. K. B. 813, at page 814 (affirmed in the House of Lords in *Crane v. Regem,* 90 Law Journal Reports, 1160); *Rex v. Dennis,* [1924] 1 K. B. 867. These cases refused to follow an earlier case to the contrary decided in 1848. *Reg. v. Brett and Parish* (1848), 3 Cox C. C. 79. We have examined all the cases cited by both counsel and have made an independent research of the authorities in England and in this country. While there is a conflict, the weight of authority and the better-reasoned cases, both state and federal, advance the rule the court and jury have jurisdiction to try such cases together at the same time. Whether they should be is a matter of discretion for the court. We are inclined to

the view the law, as stated in the later English cases cited by the relator, is not part of the common law of this state and the court has jurisdiction to try separate indictments against separate defendants at one and the same time when the defendants are informed against separately for the same crime. Because the question of whether they should be so tried is a matter of discretion with the trial court, and appeal from a conviction furnishes an adequate remedy, the question will not be reviewed on this motion to commence an original proceeding for a writ of prohibition.

The motion is denied without costs.