Commonwealth *v.* Snopek, Appellant.

Argued March 4, 1963. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*William P. Farrell,* for appellant.

*James E. O'Brien,* Assistant District Attorney, with him *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., April 18, 1963:

This is an appeal by Paul Snopek from a conviction and sentence on an indictment charging him with forcible rape.

Paul Snopek, Douglas Reilly, and John W. Singer were indicted separately, and, on motion of the district attorney, were tried jointly in Lackawanna County. They were convicted and each was sentenced to a minimum term of six years and a maximum term of fifteen years.

Motions for a new trial and in arrest of judgment were refused summarily by the court in banc. Defendant Paul Snopek has appealed.

The evidence establishes the following: The victim was walking along Main Street in the Borough of Blakely, returning from a night high school football game. A car driven by Reilly, with Snopek in the front seat and Singer in the rear, stopped alongside the victim. Snopek jumped out, forcibly seized the victim, pushed her into the front seat with the aid of Reilly, got in beside her and drove away. During a brief stop at a parking lot the victim was thrown into the back seat with Singer. She fought, screamed, and attempt-

ed to leave the car but was forcibly detained. Reilly then drove to what was described as a mountain or wooded strip mining area. Upon arrival they discovered they had a flat tire. Snopek and Reilly proceeded to fix the tire. While the tire was being fixed the girl was in the back seat alone with Singer, where, she testified, Singer pulled a knife on her, tore off her jeans and undergarment, abused her and then raped her. The girl testified that, after the tire was fixed, Snopek got in the back seat with her and also raped her. She testified that a fight then began between Reilly and Singer. She quickly put on her clothes and watched the fight from outside the car. She testified that during the fight Reilly was stabbed by Singer. After the fight, Snopek assured the victim that he would not molest her further and drove her to a spot near the area from which she was abducted. During this ride she was alone in the back seat. Reilly, who was wounded, was in the front seat with Snopek. Singer was left unconscious on the ground at the scene. Upon being let out of the car, the victim reported the incident to the Pennsylvania State Police. She also reported the stabbing but when the police arrived at the scene Singer had recovered and left. She was taken to the Scranton State Hospital where she was examined and evidence was found which supported her story of the attack. The doctor's immediate examination also disclosed several scars and scratches. She testified she did not remember whether Reilly raped her.

The only other witnesses to the rape were the three defendants. All three admitted they had been drinking heavily for several hours prior to the assaults. Singer accused Reilly of instigating the abduction. He also accused Reilly and Snopek of violence and threats to the girl on the ride to the woods and on arrival there of the most degrading sexual assault by Reilly, aided by Snopek. Reilly, on the other hand, accused Singer

of instigating the abduction and of performing an act of perversion on the girl, following which he said Singer made an unprovoked attack on Reilly. Snopek professed little detailed knowledge of anything, saying he was too drunk to remember, but he did admit he was able to drive the car away, leaving Singer to his fate. All three defendants denied personally raping the victim. The police investigation found the three defendants in a matter of hours. They were arrested and charged.

From this testimony the jury concluded that the girl was a victim of rape, and found each of the defendants guilty.

On appeal appellant Snopek raises the following issues: (1) whether the court abused its discretion in consolidating the indictments for trial; (2) whether the court erred in refusing to grant his motion for mistrial because of a newspaper article published during the trial; and (3) whether the court erred in denying his motion for a new trial and in arrest of judgment without hearing argument.

We find there was no prejudicial error in allowing a consolidation of the indictments for trial.

In *Com. v. Kloiber*, 378 Pa. 412, 415, 106 A. 2d 820, 822, the Supreme Court said: "The trial judge because of his position and for other obvious reasons has been given a discretion to determine whether a number of bills of indictment should be consolidated and tried together, and his exercise of discretion in such matters will not be reversed by an appellate Court unless there has been a manifest abuse of discretion or a joint trial is so unfair as to be clearly unjust and prejudicial to one or more of the defendants. Especially is a joint trial permissible, if not advisable, when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to both defendants." See, also, *Com. v. Mattero*, 183 Pa. Supe-

rior Ct. 548, 552, 132 A. 2d 905; *Com. v. Grosso*, 192 Pa. Superior Ct. 513, 521, 162 A. 2d 421.

In *Com. v. Danaleczk*, 85 Pa. Superior Ct. 253, 255, where the question presented was whether two indictments charging separate felonies (rape upon different girls) should be tried jointly, we affirmed the court below because we found no prejudice to defendants.

It is true that the evidence presented at the trial indicated the commission of other crimes. However, the court instructed the jury in its charge: "We are not here trying these people for other types of crimes. We are not trying them for sodomy. We are not trying them for abduction. We are not trying them for anything else but the crime of rape, and what rape involves, . . ." It is also true that a written statement signed by Singer, but not made in the presence of the other two defendants, was introduced into evidence. The court properly cautioned the jury on two occasions that the statement was to be considered as evidence against Singer alone. In addition, Singer testified to the same facts and was thereupon subjected to the test of cross-examination by counsel for appellant Snopek.

After a careful reading of the testimony we find there was no abuse of discretion or prejudicial error in trying these three defendants together. The crimes were interwoven and were properly the subject of a joint trial.

Appellant next argues that the court erred in denying his motion for a mistrial because of an article appearing in a local newspaper. A motion for withdrawal of a juror on the ground of unfavorable newspaper publicity is a matter within the discretion of the trial court. *Com. v. Morrison*, 180 Pa. Superior Ct. 133, 142, 118 A. 2d 263. A copy of the article was filed of record. The article bore the heading, "Woman Weeps In Telling Jury Of Abduction," and the subheading, "Three Men on Trial For Kidnapping Her Off Street

in Blakely," and then followed a summation of the day's testimony at the trial. The court denied the motion because the contents of the article had been heard the day before by the jury.

We have carefully read the newspaper article and must agree with the court below when it said in its opinion: "The news story was in all respects a strict factual account of what the jury had already seen and heard in Court, and assuming that some or all of the jurors had read it, in our opinion it could not possibly work any prejudice against the defendants. The colloquial use of the words, 'abduction' and 'kidnapping,' could not possibly mislead any juror as to the nature of the crimes charged, particularly, in view of the explicit instructions of the Court that their consideration was to be restricted to the one charge of rape."

We do not feel that the trial court abused its discretion by its denial of a mistrial.

Finally, appellant maintains there was error in denying his motion for a rule for a new trial and in arrest of judgment without argument. With this we cannot agree. We are aware of the principles enunciated in *Com. v. Parker*, 294 Pa. 144, 143 A. 904, and *Com. v. Robinson*, 102 Pa. Superior Ct. 46, 156 A. 582. However, we believe that whether there is error in a summary dismissal of the motions for a new trial and in arrest of judgment can only be determined after a review of the assigned reasons in each case. Appellant was not precluded from filing any alleged errors and has cited none to us. We have independently reviewed the questions raised and find no indication of prejudice to appellant. Moreover, the record before us suggests no doubt of the justice of the verdict.

We also agree with the court below when it said: "These crimes were among the most shocking, callously perpetrated, brutal, and degrading, which have come before this writer in a long career as a trial judge.

None of the alleged reasons for a new trial or for arrest of judgment seemed, to our Court, en banc, to be even arguable, let alone to be of substance. We say this with due respect to the diligence and sincerity of excellent defense counsel. But when the law and the evidence is so clear and convincing, this Court can see no cogent reason for granting rules to show cause in a situation which could in our opinion have only one outcome."

Judgment of sentence is affirmed, and it is ordered that said defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the appeal was made a supersedeas.