Commonwealth *v.* Reilly, Appellant.

Argued March 4, 1963.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Paul R. Mazzoni,* with him *Carey and Mazzoni,* for appellant.

*James E. O'Brien,* Assistant District Attorney, with him *Joseph J. Cimino,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., April 18, 1963:

This is an appeal by Douglas Reilly from a conviction and sentence on an indictment charging him with forcible rape.

Douglas Reilly, Paul Snopek, and John W. Singer were indicted separately, and, on motion of the district attorney, were tried jointly in Lackawanna County. They were convicted and each was sentenced to a minimum term of six years and a maximum term of fifteen years.

At the close of the Commonwealth's case defendant Reilly filed a written demurrer which the trial judge overruled, and he has appealed.

On this appeal appellant raises the following questions: (1) whether the court below erred in overruling his demurrer to the evidence, and (2) whether the court abused its discretion in consolidating the indictments for trial.

The proper test to apply in determining the validity of a demurrer is whether the evidence of record and the inferences reasonably drawn therefrom would support a verdict of guilty. When an appeal follows a judgment of sentence and the ruling on the demurrer is questioned, the defendant will be discharged only if all the evidence in the case including that introduced after the entry of the demurrer is insufficient to support the jury's verdict. *Com. v. Gomori,* 192 Pa. Superior Ct. 325, 329, 161 A. 2d 649.

Viewed in the light of the jury's verdict in favor of the Commonwealth, the evidence establishes the following:

The victim was walking along Main Street in the Borough of Blakely, returning from a night high school football game. A car driven by Reilly, with Snopek in the front seat and Singer in the rear, stopped alongside the victim. Snopek jumped out, forcibly seized the victim, pushed her into the front seat with the aid of Reilly, got in beside her and drove away. During a brief stop at a parking lot the victim was thrown into the back seat with Singer. During this time the victim fought, screamed, and attempted to leave the car but was forcibly detained. Reilly then drove to what was described as a mountain or wooded strip mining area. Upon arrival they discovered they had a flat tire. Snopek and Reilly proceeded to fix the tire. While the tire was being fixed the girl was in the back seat alone with Singer, where, she testified, Singer pulled a knife on her, tore off her jeans and undergarment, abused her and then raped her. The girl testified that after the tire was fixed Snopek got in the back seat with her and also raped her. She testified that a fight then began between Reilly and Singer. She quickly put on her clothes and watched the fight from outside the car. She testified that during the fight Reilly was stabbed by Singer. After the fight, Snopek assured

the victim that he would not molest her further and drove her to a spot near the area from which she was abducted. During this ride she was alone in the back seat. Reilly, who was wounded, was in the front seat with Snopek. Singer was left unconscious on the ground at the scene. Upon being let out of the car, the victim reported the incident to the Pennsylvania State Police. She also reported the stabbing but when the police arrived at the scene Singer had recovered and left. She was taken to the Scranton State Hospital where she was examined and evidence was found which supported her story of the attack. The doctor's immediate examination also disclosed several scars and scratches. She testified she did not remember whether Reilly raped her.

Appellant testified that he had been drinking heavily for several hours prior to the assault. He accused Singer of instigating the abduction and of performing an act of perversion on the girl, following which he said Singer made an unprovoked attack on appellant. Appellant denied raping the victim.

Appellant maintains there was no direct proof that he raped the victim and that there was insufficient proof to justify a conviction of aiding and abetting in the crime.

"All who are present aiding and abetting when a felony is committed are equally guilty. All who are present aiding, abetting and encouraging the ravishing are guilty of rape, although only one of the men may be the actual ravisher." *Com. v. Danaleczk*, 85 Pa. Superior Ct. 253, 256.

There is sufficient testimony to establish that appellant aided and abetted in the rape. He was the driver of the car. He assisted Snopek in pulling the girl into the car. He helped hold her hands while she was seated between him and Snopek in the front seat. He helped Snopek lift her from the front seat to the

back seat of the automobile. The victim asked to be let out of the car. She also screamed but Reilly told her it would make no difference because nobody would hear her. Reilly drove the car to the wooded area where the attack took place.

Our review of the testimony indicates that appellant was an active partner in the crime. Although there is no proof that he actually raped the victim, the testimony indicates that he knew that a crime was to be committed and his actions in fact contributed to the fulfillment of the crime. His participation was real and forceful. The verdict of the jury was amply supported by the testimony.

Appellant's last assignment of error relates to the consolidation of the three indictments for trial. We have decided this question in the companion case of *Com. v. Snopek,* 200 Pa. Superior Ct. 455, 190 A. 2d 161, where we held that the crimes were interwoven and therefore were properly the subject of a joint trial. We feel our discussion in that case need not be repeated here.

Judgment of sentence is affirmed, and it is ordered that said defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the appeal was made a supersedeas.