**Elmer EASLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 7672.**

United States Court of Appeals
Tenth Circuit.

June 8, 1964.

Peter C. Dietze, Denver, Colo., for appellant.

Milton C. Branch, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Defendant was found guilty of having transported a stolen vehicle in interstate commerce in violation of 18 U.S.C. § 2312. He appeals, asserting that his written confession was improperly admitted into evidence under the totality of the circumstances and in view of the rule of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. We find no merit to the contentions.

On August 27, 1963, defendant was arrested by an officer of the Colorado State Highway Patrol for operating an improperly equipped automobile upon the highways of that state and for driving without a valid operator's license. He was immediately taken before a justice of the peace, was adjudged guilty, and sentenced

to a 12-day jail term. While in state custody defendant was interrogated by a special agent of the F.B.I. and on August 31 signed a written confession to the commission of the federal offense. On Saturday, September 7, he was placed under federal arrest and appeared before the United States Commissioner on Monday, September 9.

 When defendant's confession was offered in evidence at the trial, objection to its voluntariness was timely made and the trial court properly proceeded to make preliminary inquiry of the circumstances surrounding the execution of the instrument.[1] McHenry v. United States, 10 Cir., 308 F.2d 700. Both the testimony of the special agent and that of the defendant indicated that the interrogation of defendant was conducted with commendable fairness, without taint of threat or promise, and that defendant was fully advised of his rights, including the right to be silent and to consult counsel. There is no indication of unbecoming conduct upon the part of state officers, no offensive "cooperation" between state and federal officers, no exploitation of a physical or mental weakness in defendant's condition, and nothing in the totality of circumstances that would dictate that the confession was made otherwise than as an expression of free will. Compare Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed. 2d 1037.

Defendant's appearance before the United States Commissioner was made promptly after he was subject to federal restraint and the prohibition of Mallory against the use of confessions obtained during an unnecessary delay between arrest and arraignment is not here applicable. And although defendant's confession was made before he consulted counsel he was denied no right in such regard by either state or federal authority. Compare Crooker v. California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448.

The judgment is affirmed.

---

1. Defendant specifically requested that the issue not be submitted as a factual issue to the jury.