435 P.2d 771

STATE of New Mexico, Plaintiff-Appellee,

v.

Billy FAGAN, Defendant-Appellant.

No. 61.

Court of Appeals of New Mexico.

Dec. 8, 1967.

Jay Morgan, Portales, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant was charged, tried and convicted of having made an unauthorized entry into a lumber company with intent to commit theft therein, contrary to the provisions of § 40A–16–3, N.M.S.A.1953 (Repl. 1964). He appeals from a judgment of conviction entered pursuant to the jury verdict.

His first point is that the trial court "erred in ordering the consolidation of the defendant's case with that of Willie Roy Brewer."

Defendant was charged by information in Cause No. 2565, and Brewer in Cause No. 2566, with identical offenses. Each gave a separate confession, but at different times. Although there are differences in these confessions as to the details of the circumstances of each and the acts performed by each prior to the entry into the building, during the accomplishment of the entry, and after the entry, each admits his complicity in the entry and identifies the same three persons as having been involved. Two of these persons were the defendant and Brewer.

Defendant resisted the motion of the State for joinder of the cases, but the reasons given for his resistance are not set forth in the record. The trial court's comments upon the arguments, made prior to the announcement of the court's ruling that the cases would be consolidated, indicate defendant's position was that there was some question as to the voluntariness of the confessions and their admissibility as evidence upon the trial. This is consistent with his objections made at the time the confessions were offered as evidence. His objections at this time were that:

"* * * * We would like to go into the question of voluntariness of it, whether or not coercion was used, any form of intimidation and I think we should go into that outside the presence of the jury."

Defendant, as well as Brewer, introduced evidence in the absence of the jury to show that the confessions were not voluntarily made. The State introduced evidence to the contrary. The court sustained the position of the State. The confessions were received into evidence as voluntary statements, but the court ordered certain deletions therefrom, including all references in defendant's confession to Brewer's name and all references in Brewer's confession to defendant's name. The written confessions, although received into evidence, were not passed to the jury, but were read to the jury, and the portions ordered deleted were omitted in the reading.

After the State rested, the defendant moved for a directed verdict on his behalf upon the ground that:

"* * * * The only evidence that would connect this defendant with the crime charged in the information is the statements which have been ʳ ʳ ʳ in evidence which the defendant Fagan alleges to have been erroneously admitted for the reason that it was shown conclusively during the interrogation concerning the voluntariness of the statement that said statement was not voluntary but was induced by intimidation and a promise of leniency."

The court instructed the jury that the statements were to be given no weight whatever and were to be disregarded if the jury should entertain any reasonable doubt that they were not made freely and voluntarily, or were induced by threats, duress, coercion, fear, hope, promise, reward or immunity. Defendant made no objections to this or to any other of the court's instructions.

The procedures followed by the court in conducting the hearing in the absence of the jury, preliminary to a determination by the court of the voluntariness of the confessions and their admissibility

as evidence, and the subsequent submission of the question to the jury were proper. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966); Pece v. Cox, 74 N.M. 591, 396 P. 2d 422 (1964); State v. Armijo, 64 N.M. 431, 329 P.2d 785 (1958).

■ It was for the trial court in this preliminary inquiry out of the presence of the jury, and for the jury ultimately under proper instructions, to determine the question of the voluntariness of these confessions, and this court must accept these determinations by the triers of the fact, unless the evidence is so lacking in support of these determinations as to work fundamental unfairness. State v. Ortega, supra. This is not the case before us.

■ Since defendant apparently asserted, and relied upon as the basis for his opposition to the joinder of the cases, the claim that the confessions, and particularly his own, were involuntarily made, he cannot now properly assert other and distinct grounds in opposition to the joinder. State ex rel. State Highway Commission v. Pelletier, 76 N.M. 555, 417 P.2d 46 (1966); State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963); State v. Deming, 66 N.M. 175, 344 P.2d 481, 77 A.L.R.2d 964 (1959); State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951).

} However, we must disagree with his contention here, that the trial court abused its discretion in ordering a joinder, because this amounted to "a backdoor method of permitting the other defendant to testify against this appellant and denying this appellant the right to cross examine the co-defendant as to the truth or falsity as to the purported confession of the other defendant."

We could see more merit to his position if his own confession of guilt had not been admitted into evidence; if all references to his name in his co-defendant's confession had not been stricken; and if the trial court had not expressly instructed the jury that: "* * * the purported confession of the defendant Fagan may not be considered against the defendant Brewer, and the purported confession of the defendant Brewer may not be considered against the defendant Fagan."

■ The fact that the co-defendants were separately informed against for the same offense is of no significance. As stated in Commonwealth v. Gallo, 275 Mass. 320, 175 N.E. 718, 79 A.L.R. 1380 (1931):

"* * * So far as concerns essentials in the ascertainment of truth and the administration of justice, a joint trial of two defendants on two separate indictments for one crime differs in no respect from a single trial of the same defendants joined in one indictment for the identical crime. * * *"

See also People v. Schram, 1 Mich.App. 279, 136 N.W.2d 44 (1965); Commonwealth v. Snopek, 200 Pa.Super. 455, 190 A.2d 161 (1963); State ex rel. Nickl v. Beilfuss, 15 Wis.2d 428, 113 N.W.2d 103 (1962).

In the case of State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938), four defendants were jointly indicted for murder. Three of these defendants signed written confessions, or admissions, from which guilt could be inferred. One of the defendants, Smith, claimed that because the confession of a co-defendant contained highly prejudicial and damaging statements relative to Smith's participation in the crime charged, which would be introduced in evidence, that it was an abuse of discretion to deny him a severance. The Supreme Court of New Mexico in disposing of this contention stated:

"But in view of the court's instruction not to consider as against Smith anything contained in Lord's statement, it was not an abuse of discretion to deny a severance. * * *"

The rule announced in State v. Turnbow, 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960) is not applicable to the facts here. In that case, as stated by the court:

"* * * The extent of our holding is that when a husband and wife are jointly indicted for a crime and one or the other or both of them request severance under

the circumstances presented in this case, then it is an abuse of discretion to deny the application for severance."

Mrs. Turnbow had given statements which were admitted in evidence and contained matter incriminating Mr. Turnbow. In her testimony she acknowledged the statements, and elaborated on answers contained in the statements in her defense of coercion by her husband. Had a severance been granted, each of them had a statutory right to exclude the testimony of the other as the testimony of a spouse, but each could have called the other as a witness had he or she elected to so do. And as stated by the court:

"By compelling the husband and wife to be tried jointly, each of them was denied this right; and, instead, they were forced to rely on the effect of instructions to overcome the prejudicial effect of the criminatory testimony of their spouse, or else be denied the right to testify in their own behalf."

█ In the present case, neither defendant had a right to preclude the admission into evidence of the testimony of the other, had separate trials been granted. And, as already noted above, each defendant had given a written confession by which he admitted his guilt of the crime charged.

The defendant next contends his rights were prejudiced because the trial court admitted into evidence a voluntary statement made by him to Officer George Reynolds, while in the custody of this officer, and prior to being advised of his constitutional rights to remain silent and to the advice and assistance of counsel.

Officer Reynolds had received a call for assistance from Officer King. Officer King had observed the automobile in which defendant was riding at about 1:00 a. m. in the vicinity of the lumber company. He pulled up behind the car to check it and the license number, and it took off at a high speed. He turned on his red light and gave chase. The driver of the car, after being chased for some distance, stopped the vehicle, jumped out and began running. The officer gave chase on foot and overtook the driver, who was then lying facedown in a nearby field.

It turned out this driver who was captured was the defendant. Officer King took him to the vehicle being operated by Officer Reynolds, who had arrived on the scene, and placed him in Officer Reynolds' vehicle. Officer King had no conversation with defendant. Officer Reynolds and defendant drove back toward the place where Officer King, who was then walking, had left his vehicle to pursue the chase on foot. As they passed the lumber company, the defendant, without any question being asked of him and without any conversation having taken place between him and Officer Reynolds, pointed to the lumber company and stated: "[T]his is the place that we were breaking in."

Officer Reynolds immediately pulled to the side of the road, advised the defendant that he need not make any statement, and otherwise advised defendant of his constitutional rights. Defendant made no further statements.

Defendant now contends the trial court erred in permitting Officer Reynolds to testify as to the pointing by defendant to the lumber company and making the statement just related. He contends that any statement or admission made by him after he was taken into custody, no matter how voluntarily made, violated his privilege against self-incrimination, and its admission into evidence violated his constitutional rights as announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

█ The decision in neither the Escobedo nor Miranda cases goes so far as to hold that the use of a statement or admission by a defendant under the circumstances here present violates his constitutional privilege against self-incrimination, or any other of his constitutional rights.

■ ■ As stated by the Supreme Court of the United States in Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961):

"The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process. Rogers v. Richmond, 365 U.S. 534 [81 S.Ct. 735, 5 L.Ed.2d 760.] The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession."

In accord with this test are decisions of the United States Court of Appeals for the Tenth Circuit, Easley v. United States, 333 F.2d 75 (10th Cir. 1964); Pate v. Page, 325 F.2d 567 (10th Cir. 1963); See also State v. James, 76 N.M. 376, 415 P.2d 350 (1966).

Defendant's third point is that the trial court erred in admitting his written confession into evidence and in permitting it to be read to the jury.

■ He concedes, and there is no question, that the evidence is conflicting as to whether or not he had been fully advised of his constitutional rights prior to making the confession, and as to whether or not he had made the confession voluntarily and without coercion or intimidation. He claims he was not so advised and that his confession was not voluntarily given. How-

ever, the evidence adduced by the state is contrary thereto, and it is not for this court to determine the credibility of the witnesses or the weight to be given their evidence. State v. Ortega, supra. See also State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965); State v. Whitener, 25 N.M. 20, 175 P. 870 (1918); Territory v. West, 14 N.M. 546, 99 P. 343 (1908).

Defendant's fourth point is in effect another argument of his first point, which is discussed above. We have already stated that the trial court did not abuse its discretion in consolidating the cases for trial, and did not err in admitting the confession of defendant as evidence against him, or in admitting the confession of Brewer as evidence against Brewer.

The final point asserted by defendant is that the trial court erred in overruling his motion for a directed verdict. His position under this point is predicated upon his claims that the trial court erred in admitting into evidence the voluntary statement made to Officer Reynolds, and in admitting the confessions of defendant and Brewer.

■ Since we have already ruled that the court did not err in admitting this evidence, defendant must also fail under this point. There is no doubt in our minds that the verdict of defendant's guilt is supported by substantial evidence. This being the case, the trial court acted properly in denying the motion. State v. Mosley, 75 N.M. 348, 404 P.2d 304 (1965); Kilpatrick v. State, 58 N.M. 88, 265 P.2d 978 (1953); State v. Renner, 34 N.M. 154, 279 P. 66 (1929); State v. Ulibarri, 28 N.M. 107, 206 P. 510 (1922).

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.