In the trial of an indictment for rape, evidence is admissible of the demeanor and actions of the defendant when charged with the commission of the crime immediately after it is perpetrated.

All who are present aiding, abetting and encouraging a felony are guilty. All who are abetting the ravishing are guilty, although one only of the men may be the actual ravisher; one who stands by and does nothing to prevent the commission of a rape may be convicted of the felony.

If, in the course of a trial, the court, in referring to the testimony of a witness, misquotes it in a material point, his attention should be called to the error at once before the jury retires. A party may not sit silent and take his chances of a verdict and then, if it is adverse, complain of a matter which, if an error, could immediately have been rectified and made harmless.

The Act of May 24, 1923, P. L. 439, provides that a general exception taken to the charge does not operate as an exception to any matters of fact inadvertently misstated by the court, unless the court's attention is called to the alleged misstatement prior to the taking of the exception.

A motion to withdraw a juror on account of the remarks of the district attorney is properly refused, where the language complained of did not exceed the grounds of propriety and the argument was justified by the evidence.

484    COMMONWEALTH *v.* FORD et al., Appels.

Argued October 6, 1925. Appeals Nos. 14, 15, and 16, February T., 1926, by defendants from judgment and sentence of O. & T. Columbia County, December T., 1924, No. 18, in the cases of Commonwealth v. David Ford, Walter Hadisty and Harold Long. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for rape. Before POTTER, P. J., 17th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were various rulings on evidence, as quoted in the opinion of the Superior Court, refusal to withdraw a juror because of remarks of district attorney, refusal to grant a new trial and refusal to direct a verdict in favor of defendant, Harold Long.

*Edward J. Flynn,* for appellants.

*R. S. Hemingway,* and with him *E. J. Mullen* and *H. R. Stees,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 13, 1925:

These three defendants were all tried and convicted on a single bill of indictment which charged them with committing the crime of felonious rape upon Anna McHale. They have taken these several appeals. The evidence produced by the Commonwealth, if true, established that about five o'clock in the afternoon of September 17, 1924, Anna McHale, a young woman twenty-two years of age, started to walk from Woodland Heights to her home in Byrnesville, a distance of about two and a half miles. She went by way of a lonely path

over the mountain and when she was about a mile from home she passed David Ford, one of the defendants, and William Hadisty, the father of another of the defendants, seated near the path. A few yards further on she passed Walter Hadisty and Harold Long, the other defendants, standing in the path. None of the men spoke to her, nor did she speak to them, nor know them. When she reached the ravine at the foot of the mountain about three-fourths of a mile from where she had passed these men, she heard footsteps behind her and when she turned around to see who it was, the defendant, Hadisty, seized her and attempted to throw her to the ground. While she was resisting she saw the defendant, Ford, approaching and called to him for help. Ford, instead of coming to her assistance, laughed at her and took hold of her and helped Hadisty throw her down. While Hadisty was ravishing her, Ford held her hands and covered her mouth. While Hadisty and Ford were thus engaged, Long, the other defendant, stood about five feet away from them; he did not touch the young woman and said nothing, but he offered her no assistance, although she was struggling and screaming for help. After she was released she ran about one hundred yards along the path toward her home, where she met two men, Gerrity and McIntosh, who had heard her screams when they were more than four hundred yards away. She informed them of the assault. Gerrity and McIntosh followed the defendants, learned who they were and questioned them.

The first assignment relates to the admission of the testimony of Gerrity, a witness for the Commonwealth, that when McIntosh asked the defendants what they did with the girl and they said "nothing," McIntosh said to them: "By the look of your faces you don't look it," and that the defendants made no reply. The statement attributed to McIntosh was accusatory in character and well calculated to elicit a reply. The silence of the defendants after that statement was a

circumstance for the consideration of the jury. The conduct or demeanor of a prisoner on being charged with the crime, or allusion being made to it, is frequently given in evidence against him. (Ettinger v. Com., 98 Pa. 338, 346.) Under the circumstances, the testimony objected to was competent evidence.

Dr. Marshall, a witness called by the Commonwealth, testified that he made a physical examination of Miss McHale the morning after the alleged assault; that she was in bed and in an exceedingly nervous condition; but that he found no marks of violence upon her person and that it was impossible for him to tell whether any carnal intercourse had been had with her the day before. The doctor was permitted to state, subject to objection, that at that time Miss McHale's mother informed him that she had given her daughter treatment by irrigation the evening before and that he deemed it proper treatment. The admission of that evidence is the basis of the second assignment. The evidence was neither relevant nor material, but in view of what the witness had said it was not prejudicial to the defendants. We agree with the learned trial judge that it neither helped the Commonwealth nor harmed the defendants.

While the private counsel for the Commonwealth was making his closing argument to the jury, counsel for the defendants interrupted him and moved for the withdrawal of a juror and the continuance of the case, because, in discussing the evidence tending to establish the guilt of the defendant, Long, the following statement was made: "Gentlemen of the jury, I am going to leave this with you. He is just as guilty as the other two." The counsel for the Commonwealth replied that he made the statement attributed to him, but that when he was interrupted he was about to add these words: "providing this jury find that Harold Long, standing there at the time of the commission of this offense, in any way aided, abetted or assisted Walter

Hadisty and David Ford in the commission of the offense.'' The refusal of the motion is assigned for error. Our examination of the record, and especially the part of the opinion of the learned trial judge which refers to the subject of this assignment, convinces us that this complaint furnishes no legal ground for a reversal of the judgment, and that the counsel making these remarks did not step beyond the strict bounds of propriety and that the argument was fully warranted by the evidence.

When the evidence was all in, the court was requested, by a written motion, to charge the jury that under all the evidence in the case the verdict should be not guilty as to Harold Long, one of the defendants. A careful reading of the evidence has convinced us that it warranted a finding by the jury that the defendant, Long, was present aiding, abetting and encouraging Hadisty and Ford by being on guard to warn Hadisty and Ford of the approach of someone along the path. In some respects the present case is not unlike Commonwealth v. Danaleczk et al., 85 Pa. Superior Ct. 253, in which we sustained a conviction of five defendants upon indictments charging felonious rape on two different girls, although one of the defendants did not touch either of these girls but prevented a third girl from going to the assistance of the other two. Judge PORTER, speaking for this Court, there announced the well settled rule of law which was applicable to the case, as follows: ''All who are present aiding and abetting when a felony is committed are equally guilty. All who are present aiding, abetting and encouraging the ravishing are guilty of rape, although only one of the men may be the actual ravisher.''

The only other assignment requiring special notice is that relating to what counsel for the defendants call a misquotation of the testimony in respect to the defendant, Long. An examination of the evidence dis-

closes that Anna McHale testified that during the assault upon her both Hadisty and Ford laughed at her when she screamed for help. There was no evidence that Long laughed at her. The court stated in his charge to the jury that Long "stood by within four and five feet and laughed." If a trial judge, in referring to the testimony of a witness, misquotes it in a material point, his attention should be called to the error at once before the jury retires. A party may not sit silent and take his chances of a verdict and then, if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless: Commonwealth v. Wilston and Wilston, 73 Pa. Superior Ct. 161; Commonwealth v. Razmus, 210 Pa. 609. The Act of 1923, P. L. 439, provides that a general exception taken to the charge does not operate as an exception to any matters of fact inadvertently misstated by the court unless the court's attention is called to the alleged misstatement prior to the taking of the exception.

We have failed to find anything in the record which would justify a reversal of the judgments which were pronounced after a full and fair trial.

All of the assignments of error are overruled and the judgments are affirmed.