## Commonwealth v. Samyan

*Stewart Nase*, district attorney, for Commonwealth.
*Edward Kane*, for defendant.

CORSON, J., July 2, 1934.—The defendant was convicted of having committed a rape and statutory rape upon one Laura Distel. Under the evidence, the jury would have been justified in finding that at the time of the alleged rape Laura Distel was a female child under the age of 16 years, and that John Samyan was a male person over the age of 16 years.

While it is admitted by the Commonwealth that the actual rape upon Laura Distel was committed by a man known as Frank, yet there was also evidence from which the jury might have drawn the inference that John Samyan was, at the time the rape took place, present, aiding, and encouraging the man Frank in the commission of the crime.

At the first trial, a rape bill was not submitted, and the conviction upon the charge of statutory rape was set aside and a new trial granted because of the fact that there was no testimony to show that Frank, who actually committed the rape, was above the age of 16 years.

At the present trial, a rape bill was also submitted to the jury, and the defendant was found guilty upon both bills of indictment. The defendant has filed motions for a new trial and in arrest of judgment, contending that the verdict was against the evidence, against the weight of the evidence, and against the law.

We feel that there was sufficient evidence in the case to sustain the verdicts of the jury in the present case. All persons who are present, giving aid to the actual ravishing, are guilty as principals in such rape, and one who, under certain circumstances, stands by and does nothing to prevent the commission of a rape, may himself be convicted of the felony: Commonwealth v. Ford et al., 86 Pa. Superior Ct. 483.

According to the testimony of Laura Distel, John Samyan stood by while the act was being committed, and, when she called to him for aid, he merely smiled and walked away toward the car. From the testimony of the other occupants of the car, it would seem that when the other girls heard the outcries of Laura Distel, and stated to John Samyan that they wished to go to her assistance, Samyan told them to remain in the car and that he would go "look for Frank and Laura". Samyan returned to the car, saying he had been unable to find Laura.

From the testimony of Laura Distel, this statement was of course untrue, and, taking into consideration all the testimony and the facts and circumstances which developed during the case, the jury may well have found that it was the intention of Frank and the defendant that Frank should have intercourse with Laura Distel, if necessary forcibly and against her will, and that Samyan would stand by to aid and assist Frank in the commission of the crime.

At the argument, counsel for the defendant contended that a new trial would have to be granted upon the defendant's contention that convictions of rape and statutory rape are inconsistent verdicts, and that therefore both verdicts must be set aside and a new trial granted. With this contention we cannot agree. No Pennsylvania cases are cited in support of this contention, and, so far as may be ascertained, the question has never·before been raised in this jurisdiction. While the rape bill is commonly called a common-law rape bill, yet both the rape and the statutory rape bills in the present case were drawn under the Criminal Code of March 31, 1860, P. L. 382, sec. 91, as amended by the Act of May 19, 1887, P. L. 128, sec. 1.

The act of assembly, as amended, reads as follows: "If any person shall have unlawful carnal knowledge of a woman, forcibly and against her will, or who, being of the age of sixteen years and upwards, shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, with or without her consent, such person shall be adjudged guilty of felonious rape".

Under this act, two distinct forms of rape are set forth: (1) When any person shall have unlawful carnal knowledge of a woman forcibly and against her will; (2) when a person of the age of 16 years and upwards shall unlawfully and carnally know and abuse any woman child under the age of 16 years, with or without her consent.

Verdicts may be said to be consistent when their findings may be reconciled with the testimony and the facts in the case. Upon that theory, the two verdicts in the present case are consistent. The jury evidently found that the defendant was a principal with the man called Frank when Frank had unlawful carnal knowledge of Laura Distel forcibly and against her will. The jury was perfectly consistent in finding also that the defendant was similarly guilty with Frank in that both the defendant and Frank were over the age of 16 years, and that they did unlawfully and carnally know and abuse Laura Distel, a woman child under the age of 16 years, without her consent.

While, under the statutory rape charge, it makes no difference whether or not the intercourse was with or without her consent, yet the finding of the jury that such act was rape, as set forth in the first indictment, fixes its finding that the statutory rape was committed without the consent of Laura Distel. The one act, however, having made the defendant guilty of two forms of rape, cannot, of course, justify the imposition of sentence to an extent greater than would have been allowed had he been convicted upon one bill of indictment only. It might be possible to impose sentence upon both bills of indictment and allow the sentence to run concurrently. However, in order to avoid any uncertainty in the question of sentence, we feel that the motion in arrest of judgment should be allowed as to one of the bills and sentence imposed only upon the remaining bill. See Commonwealth v. Holgate, 63 Pa. Superior Ct. 246, 255.

And now, July 2, 1934, for the reasons set forth in the foregoing opinion, the defendant's motion in arrest of judgment upon bill no. 76-2, June term, 1933, is sustained, and as to bill no. 76, June term, 1933, the defendant's motions in arrest of judgment and for a new trial are refused, and the defendant is directed to be brought before the court for sentence on Friday, July 6, 1934, at 9 a. m., in courtroom A.

From Aaron S. Swartz, Jr., Norristown, Pa.