STATE, Respondent, v. CHACON and others, Appellants.*

*No. State 142. Argued January 7, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 84.)

* Motion for rehearing denied, without costs, on March 30, 1971.

For the appellants there was a brief and oral argument by *Robert J. Lerner* of Milwaukee.

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HALLOWS, C. J.   Although this is the second review of the judgments of conviction, the rules on appeal are the same as if the first appeal were direct to this court. *Madison v. Geier* (1965), 27 Wis. 2d 687, 135 N. W. 2d 761. Nor will we retry the case on the record to see if each member of this court is convinced of the guilt of the defendants beyond a reasonable doubt. *Kopacka v. State* (1964), 22 Wis. 2d 457, 126 N. W. 2d 78; *State*

*v. Johnson* (1960), 11 Wis. 2d 130, 104 N. W. 2d 379;
*Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775.

The defendants contend the credible evidence is insufficient to sustain the court's finding of guilt, but we find no merit in this argument. It was sufficiently proved by the state that the three defendants pushed a police officer through a plate glass door of Chapman's Department Store on Wisconsin Avenue in Milwaukee on January 26, 1970, while a large group of persons were marching on Wisconsin Avenue to protest a reduction in welfare payments. A disturbance had broken out at the Boston Store on Wisconsin Avenue, several blocks away, during which some of the demonstrators attempted to attack the police. At Chapman's six or seven demonstrators with Chacon and Puente in the lead rushed one of the entrances but were repelled by the police. Again, with Chacon and Puente in the lead and Pollard in the front row, a second charge was made which pinned Patrolman Donald Ervin against the plate glass door and smashed him through the plate glass. The three defendants fell through the broken door on top of the police officer and other officers arrested them.

The defendants raise inconsequential details in the testimony and the failure to prove immaterial points, but the main thrust of their argument is that the trial court did not believe their testimony. This is an ordinary case of conflicting testimony. There is nothing in the nature of the testimony of the police which renders it inherently incredible. Nor was the testimony self-contradictory. Unless this court can say as a matter of law the police testimony was inherently incredible, we are bound by it because the testimony was accepted by the trial court. Since the trial court had the right to accept the testimony of the police and reject the testimony of the defendants, this court on appeal is to determine only whether the trial court acting reasonably

could be convinced beyond a reasonable doubt by the evidence it thought credible. *State v. Johnson, supra; Lock v. State* (1966); 31 Wis. 2d 110, 142 N. W. 2d 183; *State v. Cassel* (1970), 48 Wis. 2d 619, 180 N. W. 2d 607.

We think the credible evidence is sufficient to convince the trier of the fact of the guilt of these defendants beyond a reasonable doubt. It is quite true that if the testimony of the defendants were believed, a reasonable hypothesis consistent with their innocence would be established; but that is not the test. All the credible evidence must be reconciled or some testimony must be rejected as incredible. Here, the trial court rejected the defendants' evidence, which it had a right to do.

The trial court did not shift the burden of proof by commenting on the defendants' failure to rebut the testimony of Patrolman Anthony. The judge was talking about the defendants' burden to go forward with the evidence, not the burden to convince. Nor did this comment show any doubt of the guilt of the defendants on the part of the judge. A judge frequently comments upon the evidence and its strength and weakness. While a similar argument was successfully made against the same judge in *Meyer v. State* (1964), 25 Wis. 2d 418, 130 N. W. 2d 848, we think the comments here involved no uncertainty by the trial court as to guilt.

At the close of the state's rebuttal, the defendants moved for the production of the other police officers who were at the scene when the offense occurred so the defendants could question these officers to ascertain whether their testimony would corroborate the defendants' defense. It is also claimed the failure of the district attorney to determine whether any of these officers could testify in favor of the defendants constitutes reversible error, citing as authority *Brady v. Maryland* (1963), 373 U. S. 83, 83 Sup. Ct. 1194, 10 L. Ed. 2d 215; *Barbee v. Warden, Maryland Penitentiary* (4th Cir. 1964), 331 Fed. 2d 842; *Jackson v. Wainwright* (5th

Cir. 1968), 390 Fed. 2d 288. The defendants misread these cases; while they do hold the state cannot suppress evidence favorable to the defendants, they do not hold it is the state's duty to conduct a discovery examination for a defendant. Here, there is no claim the district attorney knew the names or the content of the testimony other officers might give; consequently, the district attorney could hardly be suppressing evidence.

What the defendants expected to do during this trial was to conduct a discovery examination—to go on a fishing expedition. At the time of their request, the defendants knew the names of some of the other officers and sufficient identity of others to enable them to call such officers, if they wished.

Prior to July 1, 1970, and at the time this case was tried, a defendant had no right to pretrial discovery of prosecution evidence. *Santry v. State* (1886), 67 Wis. 65, 30 N. W. 226; *State v. Miller* (1967), 35 Wis. 2d 454, 151 N. W. 2d 157.[1] It has been held that the state could not be required to produce at a pretrial conference all the witnesses' statements taken. *Ramer v. State* (1968), 40 Wis. 2d 79, 87, 161 N. W. 2d 209. Nor was the state obligated to produce at trial every possible witness to the commission of the alleged crime. *Dillon v. State* (1909), 137 Wis. 655, 119 N. W. 352; *Brown v. State* (1965), 28 Wis. 2d 383, 137 N. W. 2d 53. Whether these cases are still valid is not now before us.

In their last argument, the defendants urge that upon the evidence presented the disorderly conduct was a

[1] Effective July, 1970, a defendant's right to pretrial discovery is governed by statute, *e.g.*, secs. 971.23 and 971.25, Stats. However, these provisions are contingent upon timely demand made by the defendant. They do not, as defendants request in this case, impose upon the state an obligation to conduct discovery for the defense. The Wisconsin and ABA Standards for Criminal Justice treatment of this subject is discussed at pp. 48, 49, of the workbook for the 1971 Wisconsin Judicial Conference. *See also* comment to these sections in 1970 Special Pamphlet, West's Wisconsin Statutes Annotated, p. 74, *et seq.*

lesser included offense of criminal damage to property and therefore under sec. 939.66 (1), Stats.,[2] they could not be convicted of both offenses. But under sec. 939.65, Stats.,[3] the same act may constitute different crimes with similar but not identical elements. *State v. Roggensack* (1962), 15 Wis. 2d 625, 113 N. W. 2d 389, 114 N. W. 2d 459. This court recently reviewed the cases and rationale involved in includable crimes. *State v. Melvin* (1970), 49 Wis. 2d 246, 181 N. W. 2d 490. The test is not the evidence but sec. 939.66 which defines includable crimes in terms of the elements to be proved. The elements of the crime of disorderly conduct defined in sec. 947.01 (1) [4] consists of the enumerated types of conduct, which by their nature tend in fact to cause or provoke a disturbance. The elements of criminal damage to property involved here are defined in sec. 943.01 (1) to be the intentional causing of damage to property of another without his consent.

Violence, abusiveness, indecency, profanity, or boisterousness are not essential elements of criminal damage to property; nor is the tendency to create a disturbance such an element. Contrariwise, intentional damage to property is not an element of disorderly conduct. One

[2] "939.66 **Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; . . ."

[3] "939.65 **Prosecution under more than one section permitted.** If an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

[4] "947.01 **Disorderly conduct.** Whoever does any of the following may be fined not more than $200 or imprisoned not more than 90 days or both.

"(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; . . ."

can criminally damage property without creating a disturbance and conversely, one may create a disturbance by his violent acts without damaging any property of another.

The language of the complaint describing in some detail the acts constituting both offenses does not control or make an included crime out of an offense which the statute does not so prescribe. Here, evidence showed the acts of the defendants constituted a chain of events or course of conduct which included violent and boisterous pushing, shoving, and breaking a glass door under the circumstances of a protest march while the police were guarding the door. This confrontation between the defendants and the police tended and did cause a disturbance. The intentional breaking of the door without the owner's consent was sufficient for the crime of criminal damage. But the disturbance is an additional element in the crime of disorderly conduct, and therefore disorderly conduct cannot be a crime included in the offense of criminal damage. The evidence is controlled by sec. 939.65, Stats.

*By the Court.*—Order affirmed.