GARRELLA, Plaintiff in error, v. STATE, Defendant in error.

*No. State 23.   Submitted under sec. (Rule) 251.54 October 31, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 101.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HEFFERNAN, J.  The testimony of the victim Mulkins was sufficient, if believed by the jury, to show that Garrella and his companion physically assaulted Mulkins and took from him a billfold containing approximately $170. This testimony, which was believed by the jury, was sufficient to show the defendant guilty of robbery beyond a reasonable doubt.

There was also testimony from which the jury could have concluded that Mulkins, who had just been paid, went to a tavern, got drunk, and dissipated his money gambling, and that the story of the robbery was contrived for the purpose of explaining to his wife why he had returned home without his paycheck. The jury chose not to believe the latter version of the evidence. Under these circumstances, this court is obliged to sustain the verdict of the jury and the judgment that followed.

"The test is not whether this court or any of the members thereof are convinced beyond reasonable doubt,

but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true." *Bautista v. State* (1971),.53 Wis. 2d 218, 223, 191 N. W. 2d 725.

This court is obliged to view the evidence in the light most favorable to the finding made by the trier of the facts. If more than one reasonable inference can be drawn from the evidence, the inference that supports the finding must be followed, unless the testimony was incredible as a matter of law. *State v. Chacon* (1971), 50 Wis. 2d 73, 75, 183 N. W. 2d 84.

While there were inconsistencies in Mulkins' testimony, inconsistent statements must be weighed by the trier of the fact, not by the court. *Gauthier v. State* (1965), 28 Wis. 2d 412, 417, 137 N. W. 2d 101, certiorari denied (1966), 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.

Despite the alleged inconsistencies and evidence to the contrary, the jury, as it had a right to do, found Mulkins' testimony worthy of belief. The evidence believed by the jury was sufficient to sustain the conviction.

Garrella also asks that we reverse the judgment and grant a new trial in the interests of justice pursuant to sec. 251.09, Stats.[1] We decline to do so. A new trial will

[1] "251.09 **Discretionary reversal.** In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit. the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

be granted only when it appears that the result will be different upon a retrial. While it is possible that another jury could interpret the testimony more favorably to the defendant, we have held that the hope that a new jury will draw different inferences from the same evidence is not sufficient reason to grant a new trial in the interests of justice. *Lock v. State* (1966), 31 Wis. 2d 110, 119, 142 N. W. 2d 183.

After the jury returned its verdict, the trial judge stated that the jury was "amply justified beyond all reasonable doubt by all of the evidence I heard." He told the jury that he subscribed "unqualifiedly" to the verdict. He reaffirmed that conclusion in the denial of the defendant's motion for a new trial. His conclusions that the evidence was sufficient to sustain conviction and that justice would not be served by a new trial are supported by the record.

*By the Court.*—Judgment affirmed.