MURPHY, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–679–CR. Submitted on briefs January 6, 1977.— Decided February 1, 1977.*
(Also reported in 249 N. W. 2d 779.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Alvin E. Whitaker,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

ROBERT W. HANSEN, J. This appeal raises two questions: (1) Was the evidence presented at trial sufficient to sustain the jury verdict of guilty? Trial court answer: Yes. (2) Was the imposition of an eighteen-month sentence excessive under the circumstances and therefore an abuse of discretion? Trial court answer: No. The two issues raised will be dealt with in order.

*SUFFICIENCY OF EVIDENCE.*

Defendant contends on appeal that the evidence adduced at trial is legally insufficient to support the jury

verdict of guilty. On review the test is whether this court can conclude that the jury as trier of fact and acting reasonably could be convinced of the guilt of this defendant by evidence it had a right to believe and accept as true.[1] If more than one inference can be drawn from the evidence, the inference which supports the jury finding must be followed unless the testimony was incredible as a matter of law.[2] The evidence in the case before us was circumstantial in nature as is common in burglary trials. It is well established that a criminal conviction can stand in whole or in part on circumstantial evidence.[3]

There is no dispute that the Pirate's Cove was broken into and a money pouch taken from the premises. Defendant's contention is that she was passed out and asleep on the front seat of the 1956 Oldsmobile during the burglary. Her fellow passenger in the car and a friend testified she was drunk that evening. The police officer and police chief testified that she was able to carry on a conversation with them at the police station. The issue presented is one of credibility. The jury could have believed her story that she was passed out or asleep entirely unaware of what was going on. But it was not required to do so and in fact it did not do so.

Alternatively, defendant contends that since she walked with a limp and cane following a snowmobile accident,

[1] *Jones v. State,* 66 Wis.2d 105, 115, 223 N.W.2d 889, 894 (1974); *Bautista v. State,* 53 Wis.2d 218, 223, 191 N.W.2d 725, 727, 728 (1971).

[2] *Garrella v. State,* 61 Wis.2d 351, 353, 212 N.W.2d 101, 102 (1973), citing *State v. Chacon,* 50 Wis.2d 73, 75, 183 N.W.2d 84 (1971).

[3] *Galarza v. State,* 66 Wis.2d 611, 616, 225 N.W.2d 450, 452, 453 (1975); *Bailey v. State,* 65 Wis.2d 331, 353, 222 N.W.2d 871, 882 (1974); *McAdoo v. State,* 65 Wis.2d 596, 611, 223 N.W.2d 521, 529 (1974).

it was not possible for her to get from the tavern to the automobile in the time span testified to by the arresting officer. Officer Jansen testified he first spotted the 1956 Oldsmobile at 3:46 a.m. and observed it was gone at 3:48 or 3:49 a.m. He further testified that he stopped the car in Elkhorn at 3:52 a.m. The jury was not obliged to accept this testimony as accurate to the minute or second.

It is obvious that whoever was in the Pirate's Cove got from the building to the car and drove off before the police officer returned to the scene. Therefore, testimony that those who did not limp, or one who did walk with a limp, did traverse that distance cannot be held incredible as a matter of law. It is only when the evidence that the trier of fact relied upon is "inherently or patently incredible" that the appellate court will substitute its judgment for that of the fact finder.[4] Here the evidence was not.

It was properly within the province of the jury[5] to reject defense testimony that (1) defendant was passed-out drunk in the car during the commission of the burglary, and that (2) defendant was unable to walk from the burglarized building to the automobile within the time span testified to by the police officer. The jury, as trier of fact and evaluator of credibility, could and did accept the testimony on behalf of the state that (1) defendant and her two companions had been observed in the Pirate's Cove earlier in the evening of the burglary; (2) that their car was observed by the police officer parked in the alley behind the burglarized tavern; (3) that minutes

[4] *See: Austin v. State,* 52 Wis.2d 716, 718, 190 N.W.2d 887, 889 (1971).

[5] "Credibility of witnesses lies within the exclusive province of the trier of fact." *State v. Zdiarstek,* 53 Wis.2d 776, 784, 193 N.W.2d 833, 837 (1972), citing *Quinn v. State,* 50 Wis.2d 96, 99, 183 N.W.2d 61 (1971).

later the car was followed by the police officer who could observe only the driver to be in it; (4) that when stopped the car had three persons in it, the driver and two passengers (with the defendant crouched down on the front seat); and (5) that the fruits of the burglary were discovered under the defendant's foot in the right front seat of the car.[6]

The jury was properly instructed by the trial court that they could convict this defendant if they were convinced beyond a reasonable doubt she was concerned in the commission of the burglary.[7] On the evidence presented by the state, with the reasonable inferences to be drawn therefrom, this jury was entitled to find not only that this defendant aided and abetted the crime of burglary (which in itself would sustain this conviction) but also that she entered the Pirate's Cove with her two companions and burglarized the premises.

Defendant contends on appeal that this jury "was left with facts entirely consistent with defendant's innocence."[8] It is certainly true that if the jury believed the testimony of the defendant as to her being passed out and unaware of what was going on, a reasonable hypothesis consistent with her innocence would have been

---

[6] As to possession of recently stolen property, *see: State v. Johnson,* 11 Wis.2d 130, 139, 104 N.W.2d 379, 384 (1960), holding: ". . . unexplained possession of recently stolen goods raises an inference of greater or less weight, depending upon the circumstances, that the possessor is guilty of the theft and also of burglary if they were stolen in a burglary. Such inference being in the nature of a presumption of fact calls for an explanation of how the possessor obtained the property." In the case before us, the explanation of defendant was that she was passed-out drunk and did not know of the money pouch under her foot or the seat, but that explanation was rejected by the jury.

[7] See: secs. 943.10(1)(a) and 939.05, Stats.

[8] Defendant's Brief at page 9.

established. But that is not the test. A jury can, within bounds of reason, reject testimony suggestive of innocence.[9]

Here the jury could and did reject the testimony of the defendant. Our court has stated that ". . . only the evidence which the trier of fact could have believed and relied upon (not all the evidence adduced at trial) must be consistent with every reasonable theory of innocence."[10] At the same time, and in the same opinion, our court made clear that, "[t]he function of the jury is to decide which evidence is credible and which is not, and how conflicts in the evidence are to be resolved."[11] Thus any reference to testimony which the jury "could have believed" clearly is limited to evidence which the jury was entitled to believe and did rely upon in reaching its verdict. A jury is not required to believe all testimony adduced at trial. As this court has held: "Such a result would eliminate the main function of the jury—to resolve conflicts in the testimony and to determine which evidence is credible or worthy of belief."[12] In the case before us, we hold that the evidence adduced, believed and rationally considered by this jury was sufficient to prove this defendant's guilt beyond any reasonable doubt.

## EXCESSIVENESS OF SENTENCE.

The trial court sentenced the defendant to eighteen months in the state prison at Taycheedah. The contention on appeal is that such sentence was excessive and constituted an abuse of discretion. While there is a strong policy against interference with the discretion of

[9] *Peters v. State,* 70 Wis.2d 22, 34, 233 N.W.2d 420 (1975).

[10] *Id.* at 34, n. 14, 233 N.W.2d at 427, n. 14.

[11] *Id.* at 34, 233 N.W.2d at 426.

[12] *State v. Zdiarstek, supra,* n. 5, at 784, 193 N.W.2d at 837.

the trial court in passing sentence, the claim of abuse of discretion will be reviewed.[13]

The range of appellate inquiry is sharply limited. Our court has made clear that:

"Appellate judges should not substitute their preference for a sentence merely because, had they been in the trial judge's position, they would have meted out a different sentence. As in the examination of damages in a civil suit, all an appellate court can ask of a trial judge is that he state the facts on which he predicates his judgment, and that he give the reasons for his conclusion. If the facts are fairly inferable from the record, and the reasons indicate the consideration of legally relevant factors, the sentence should ordinarily be affirmed. If there is evidence that discretion was properly exercised, and the sentence imposed as the product of that discretion, the trial judge fully complies with the standard."[14]

Here the sentence imposed by the trial court meets this standard. The maximum term of imprisonment for the crime of burglary, party to a crime, is ten years.[15] In imposing the sentence of eighteen months, the trial court noted the maximum sentence the legislature provided. After carefully reviewing the presentence report, the trial court set forth the following factors upon which it relied in determining the appropriate sentence: (1) Defendant's history of involvement with narcotic drugs; (2) defendant's "questionable habits" and questionable social adjustment (according to the presentence report); (3) defendant's need for vocational training and direction in life; (4) defendant is a follower and easily influenced; (5) defendant's nonsteady employment record;

[13] *Ocanas v. State*, 70 Wis.2d 179, 183, 233 N.W.2d 457, 460 (1975). *See also: Voigt v. State*, 61 Wis.2d 17, 211 N.W.2d 445 (1973).

[14] *McCleary v. State*, 49 Wis.2d 263, 281, 182 N.W.2d 512, 521 (1971).

[15] Sec. 943.10, Stats.

and (6) a new charge of burglary pending against defendant, allegedly committed in June of 1975.

The trial court specifically considered the possibility of probation but rejected it because of the seriousness of the crime and the "growing prevalence of burglaries in the community, state and nation." Applying the *McCleary* standard, we hold that discretion was properly exercised by the trial court and that the sentence imposed was the product of that discretion. Our court has held that an abuse of trial court discretion as to sentencing will be found only " '. . . where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. . . .' "[16] That description certainly does not fit the sentence here imposed.

The issue raised as to the trial court's considering a pending charge of burglary for which the defendant had not yet been tried, was decided in a very recent decision of our court—the holding being that such consideration was not improper at the time of sentencing.[17] Accordingly, we find no abuse of discretion by the trial court in sentencing this defendant to eighteen months' imprisonment following her conviction on the charge of burglary, party to a crime.

*By the Court.*—Judgment and order affirmed.

[16] *State v. Killory,* 73 Wis.2d 400, 408, 243 N.W.2d 475, 481 (1976), quoting *Ocanas v. State, supra,* n. 13, at 185, 233 N.W.2d at 457.

[17] *Handel v. State,* 74 Wis.2d 699, 247 N.W.2d 711 (1976).